**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-716 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-00019-HDM-CSD-1 |
| v. | |
| GAIL MANNEY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted May 13, 2024
Phoenix, Arizona

Before: DESAI and DE ALBA, Circuit Judges, and GUTIERREZ, District Judge.**

Gail Manney appeals her conviction and sentence under 18 U.S.C. §§
922(a)(6) and 924(a)(2) on numerous grounds. We have jurisdiction pursuant to
18 U.S.C. § 3231. We address the majority of Manney's claims in this

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Philip S. Gutierrez, United States District Judge for
the Central District of California, sitting by designation.

memorandum disposition and affirm her conviction.[1]  We also partially vacate her sentence and remand the matter to the district court for further proceedings consistent with *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc).

1.      Manney argues that the district court improperly denied her motion to suppress statements obtained in violation of her *Miranda* rights.  We review the denial of a motion to suppress and whether an individual is constitutionally entitled to a *Miranda* warning de novo.  *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004); *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008).  "An officer's obligation to give a suspect *Miranda* warnings before interrogation extends only to those instances where the individual is in custody." *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977)) (internal quotation marks omitted).

Here, the totality of circumstances show that Manney was not in custody at any point during her interaction with the ATF agents.  *See Craighead*, 539 F.3d at 1082 (holding that an individual is in custody if a reasonable person in her shoes would feel she is not at liberty to terminate an interrogation and leave). The initial contact occurred in a public place.  She was told multiple times that she could terminate the encounter, and she was never handcuffed or physically restrained.  At

---

[1]      We address Manney's constitutional challenge to 18 U.S.C. § 922(a)(6) in a concurrently filed opinion.

the ATF office, the agents conducted the interrogation in a calm manner and left the door open if Manney wanted to leave. The district court correctly denied Manney's motion.

2.     Manney also argues that the district court improperly denied her motion to suppress the contents of her cell phone. "An individual may waive his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person, property, or premises." *United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996). A district court's finding that an individual voluntarily consented to a search is reviewed for clear error. *Patayan Soriano*, 361 F.3d at 501. Manney repeatedly told ATF agents that they could search her phone. She also signed a written form consenting to the search of her phone. Under the totality of circumstances, the district court did not clearly err when it denied her motion to suppress on this ground. *See United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000).

3.     Manney challenges the district court's denial of her *Batson* motion based on the prosecution's strike of one woman juror. "The Constitution forbids striking even a single prospective juror for a discriminatory purpose." *Flowers v. Mississippi*, 588 U.S. 284, 303 (2019). "The issue comes down to whether the trial court finds the prosecutor's race-neutral explanations to be credible." *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003).

Here, the record supports the government's reasons for the strike and there is no evidence that the prosecutors lacked credibility. The government also did not misrepresent the record or disproportionately question women jurors. *See Flowers*, 588 U.S. at 302. Ultimately, Manney failed to carry her burden to show that the juror was struck for a discriminatory purpose. *See United States v. Hernandez-Garcia*, 44 F.4th 1157, 1167 (9th Cir. 2022).

4.      Manney claims that the district court erred by admitting evidence showing that her boyfriend and her son were prohibited from possessing firearms. Unpreserved evidentiary challenges are reviewed for plain error. *See United States v. Perez*, 962 F.3d 420, 447 (9th Cir. 2020). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (citation and internal quotation marks omitted).

Manney admits that she did not contemporaneously object to the admission of her son's (Razaaq) and her boyfriend's (Brown) prohibited status. The government's theory below was that Manney was acting as a straw purchaser for her son. The evidence of Razaaq's prohibited status was thus relevant to Manney's motive for the purchasing the firearms on his behalf and her false statements. *See* Fed R. Evid. 401. And while further testimony stating that Razaaq was a "multi-convicted felon" with "several outstanding warrants" was likely erroneously

admitted, *see* Fed. R. Evid. 403, its inclusion was harmless because of the strength of other evidence against her. *See United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009). Similarly, Manney also fails to show that the inclusion of Brown's prohibited status affected her substantial rights. While Brown's status was discussed by the government, the government did not fixate on this piece of evidence at any point during the trial. Instead, the government repeatedly highlighted its strongest evidence: the messages between Manney and Razaaq discussing the purchase of firearms.

5. Manney maintains that there is insufficient evidence to support her conviction. The sufficiency of the evidence to support a conviction is reviewed de novo. *United States v. Ruiz*, 462 F.3d 1082, 1087–88 (9th Cir. 2006). Reviewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (internal quotation omitted). The messages between Manney and her son strongly suggested that Manney was purchasing the guns on her son's behalf. In the messages, they discuss the types of firearms to purchase; her son also mentions providing money to Manney for the purchase. Based on this evidence and other evidence adduced at trial, a rational trier of fact could find that Manney's statement claiming to be the true purchaser of the firearms violated § 922(a)(6) beyond a

reasonable doubt.

6.　Manney contends that the district court erred by denying her motion for a new trial based on juror misconduct. "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is a reasonable possibility that the extrinsic material *could* have affected the verdict." *Dickson v. Sullivan*, 849 F.2d 403, 405 (9th Cir. 1988) (internal quotation omitted). However, "[n]ot every incident of juror misconduct or bias requires a new trial." *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir. 1986) (quoting *United States v. Hendrix*, 549 F.2d 1225, 1229 (9th Cir. 1977)). Here, given the evidence in this case, the nature and brief discussion of the extrinsic material, the limited relevance of the extrinsic material, and the short time it took the jury to deliberate, the introduction of the material was harmless beyond a reasonable doubt. *Id.* (listing the factors relevant to assessing a motion for new trial based on the introduction of extrinsic evidence).

7.　Manney additionally argues that the district court erred by imposing a sentence on a clearly erroneous factual finding, imposing a substantively unreasonable sentence, and failing to orally pronounce or incorporate by reference thirteen discretionary standard conditions for supervised release.

The district court did not abuse its discretion when it imposed an 18-month sentence. *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (holding

6                                                  23-716

that the district court abuses its discretion when its sentence is based on clearly erroneous fact); *United States v. Laurenti*, 731 F.3d 967, 976 (9th Cir. 2013) (holding that a sentence is substantively unreasonable when the decision not to impose a lesser sentence was, "illogical, implausible, or without support in inferences that may be drawn from the facts of the record" (internal quotation omitted)). It granted Manney a downward variance although it was not obligated to. The district court also stated its basis for the sentence while referencing 18 U.S.C. § 3553. Overall, the district court's sentence was well-reasoned and based on the evidence provided by both parties, as well as the evidence adduced at trial.

However, the district court erred by failing to orally pronounce the standard conditions of supervised release it intended to impose or provide Manney with a document containing these conditions prior to sentencing. *See Montoya*, 82 F.4th at 651. We vacate the imposition of the standard conditions of supervised release and remand this matter to the district court so it can impose these conditions, if it so chooses, in a manner consistent with *Montoya*. *Id.* at 656 (requiring remand when district court fails to orally pronounce discretionary conditions of supervised release or incorporate them by reference during its pronouncement of judgment).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**